IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY HURST, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:15-cv-00352-MTT-CHW |
| | : | |
| MARTY ALLEN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

On September 11, 2015, Petitioner, Tony Hurst, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss as untimely on November 30, 2015, alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**.

I. Procedural History

On February 18, 2005, a Bibb County jury returned a verdict of guilty against Petitioner for two counts of malice murder. Petitioner was sentenced to two consecutive life sentences on February 24, 2005. *Hurst v. State*, 285 Ga. 294, 294 n.1 (2009). Petitioner timely filed his notice of appeal, alleging that the evidence was insufficient to authorize the jury's verdict and several claims of error related to the admission of evidence. The Supreme Court of Georgia denied Petitioner's appeal on April 28, 2009, noting that a bloody fingerprint found at the crime scene matched Petitioner's, the victim's blood was found on Petitioner's clothing, and Petitioner was

1

seen at the scene of the crime holding a knife and stating she "had it coming." *Id*. at 294. Petitioner did not seek Certiorari with the Supreme Court of the United States.

Petitioner next filed a petition for writ of habeas corpus in the Superior Court of Chattooga County on July 3, 2012. Doc. 11-1, p. 1. The case was transferred to the Superior Court of Baldwin County on April 1, 2013. Doc. 11-2, p. 2. An evidentiary hearing was held where both Petitioner and his appellate attorney testified. Petitioner's substantive claims and ineffective assistance of appellate counsel claims were denied on November 9, 2014. Doc 11-2, p. 9. Petitioner submitted a timely application for certificate of probable cause to appeal the habeas court's adverse decision, but the application was denied on May 26, 2015. Petitioner then filed the current action on September 11, 2015. Doc. 1. Petitioner challenges his conviction alleging "habeas court misconduct," ineffective assistance of appellate counsel, insufficiency of the evidence, ineffective assistance of trial counsel, prosecutorial misconduct, "judicial bias misconduct," and juror misconduct.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner did not seek Certiorari with the Supreme Court of the United States, the time for seeking direct review in Petitioner's case concluded ninety (90) days after the April 28, 2009 Georgia Supreme Court judgment denying Petitioner's appeal. See *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (internal citations omitted) (if a petitioner "does not petition the

2

Supreme court, the prisoner's conviction becomes final when the time for filing that petition expires"); see also *Kaufman v. U.S.*, 282 F.3d 1336, 1339 (11th Cir. 2002) ("judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires"). Therefore, Petitioner's judgment became final on July 27, 2009. From that date, Petitioner had one year to file a timely petition for federal habeas relief. However, any period of time in which petitioner had a pending, properly filed application for State post-conviction or other collateral review does not "count" toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Notwithstanding the times for which Petitioner's claim was tolled or arguably could have been tolled, his petition is clearly untimely. The AEDPA one year limitations period year expired on July 27, 2010, one year after Petitioner's judgment became final. Petitioner filed no action seeking collateral or other relief during that one year period, and did not file another action challenging his conviction until July 2012. By the time Petitioner filed first state habeas action, the 1-year AEDPA clock had been running for nearly three years and petitioner was already almost two years too late. Petitioner's petition is untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). On December 21, 2015, Petitioner filed his response to Respondent's Motion to Dismiss, but does not argue that he pursued his rights diligently or that circumstances prevented him from complying with AEDPA's 1-year limitations period. Instead, Petitioner argues that that the one-year AEDPA limitations period has not expired because his state habeas action concluded less than one year before Petitioner filed his federal habeas action. Petitioner's argument is without merit. The AEDPA clock begins to run at the conclusion of

direct review, and Petitioner's state habeas action does not constitute direct review. Petitioner's state habeas action was a collateral attack on his conviction. The AEDPA clock would have been tolled for the period Petitioner's state habeas action was pending, but the limitations period was running for the interval between conclusion of direct review and the filing of Petitioner's state habeas application. Nearly three years passed during this interval and the AEDPA clock expired.

Petitioner also argues that the AEDPA clock begins to run on the date when the period for requesting certiorari expires, and his period for requesting certiorari for his state habeas action expired on May 26, 2015. This argument is erroneous, the AEDPA clock begins running at the conclusion of direct review, not at the conclusion of collateral review. As discussed above, the AEDPA clock did not run during the ninety day period Petitioner could have sought Certiorari to the United States Supreme Court challenging the denial of his direct appeal. On the other hand, Petitioner's state habeas action does not constitute direct review and does not affect the time at which AEDPA begins running. A state habeas action is may toll the AEDPA clock. In Petitioner's case, however, he filed his state habeas action after the limitations period had already expired, and there was no time left for which tolling could be applied.

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 9) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file

written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of March, 2016.

                                           s/ Charles H. Weigle
                                           Charles H. Weigle
                                           United States Magistrate Judge