IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY MARTINAS HURST, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-352 (MTT) |
| MARTY ALLEN, | ) |
| Respondent. | ) |

# ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss as untimely (Doc. 9) the Petitioner's 28 U.S.C. § 2254 petition. (Doc. 13). The Petitioner has filed an objection to the Recommendation. (Doc. 14). The Petitioner claims in his objection that he did not know about AEDPA's one-year limitations period and that his "counsel appellate" failed to inform him of his "right to appeal within a year." (Doc. 14 at 2). The Eleventh Circuit has stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (citation omitted). Moreover, the Petitioner has failed to show or even explain how the alleged failure of his appellate counsel "was an extraordinary circumstance that affected his ability to file a timely § 2254 petition."[1] *Id.* at 903-04. "[A]ttorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014). Finally, the Petitioner

---

[1] The Petitioner represented himself during his post-conviction proceedings. (Docs. 1 at 12; 12 at 2).

has failed to allege or show how he was reasonably diligent in pursuing his rights. *See id.* at 477.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Respondent's motion (Doc. 9) is **GRANTED**, and the petition is **DISMISSED**. Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 18th day of April, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT